FILED

2013 Nov-01  PM 03:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **DARREN R. WALKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **3:11-2906-AKK** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social** | ) | |
| **Security,** | ) | |
| | ) | |
| **Defendant.** | | |

## MEMORANDUM OPINION

Plaintiff Darren R. Walker ("Walker") brings this action pursuant to Section

205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review

of the final adverse decision of the Commissioner of the Social Security

Administration ("SSA"). This court finds that the Administrative Law Judge's

("ALJ") decision - which has become the decision of the Commissioner - is

supported by substantial evidence and, therefore, AFFIRMS the decision denying

benefits.

### I. Procedural History

Walker filed an application for Disability Insurance Benefits on May 11,

2009, alleging a disability onset date of March 25, 2005, due to fasciitis, foot

surgery, tendon damage, nerve damage, and arthritis. (R. 24, 157). After the SSA

denied Walker's claim, he requested a hearing before an ALJ. (R. 88). The ALJ

subsequently denied Walker's claim, (R. 24-36), which became the final decision

of the Commissioner when the Appeals Council refused to grant review. (R. 1-6).

Walker then filed this action for judicial review pursuant to § 205(g) of the Act, 42

U.S.C. § 405(g). Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial

evidence to sustain the ALJ's decision, see 42 U.S.C. § 405(g); *Walden v.

Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the

correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988);

*Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g)

mandates that the Commissioner's "factual findings are conclusive if supported by

'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

The district court may not reconsider the facts, reevaluate the evidence, or

substitute its judgment for that of the Commissioner; instead, it must review the

final decision as a whole and determine if the decision is "reasonable and

supported by substantial evidence." *See id.* (citing *Bloodsworth v. Heckler*, 703

F.2d 1233, 1239 (11th Cir. 1983)). Substantial evidence falls somewhere between

a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a

reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20

C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in

sequence:

(1)     whether the claimant is currently unemployed;

(2)     whether the claimant has a severe impairment;

(3)     whether the impairment meets or equals one listed by the Secretary;

(4)     whether the claimant is unable to perform his or her past work; and

(5)     whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative

answer to any of the above questions leads either to the next question, or, on steps

three and five, to a finding of disability. A negative answer to any question, other

than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20

C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to

prior work the burden shifts to the Secretary to show other work the claimant can

do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, he must

meet additional criteria. In this circuit, "a three part 'pain standard' [is applied]

when a claimant seeks to establish disability through his or her own testimony of

4

pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th

Cir. 1991). Specifically,

> The pain standard requires (1) evidence of an underlying medical
> condition and either (2) objective medical evidence that confirms the
> severity of the alleged pain arising from that condition or (3) that the
> objectively determined medical condition is of such a severity that it
> can be reasonably expected to give rise to the alleged pain.[1]

*Id.* However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective
> medical evidence of a condition that could reasonably be expected to
> cause the pain alleged, neither requires objective proof of the pain
> itself. Thus under both the regulations and the first (objectively
> identifiable condition) and third (reasonably expected to cause pain
> alleged) parts of the *Hand* standard a claimant who can show that his
> condition could reasonably be expected to give rise to the pain he
> alleges has established a claim of disability and is not required to
> produce additional, objective proof of the pain itself. *See* 20 CFR §§
> 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th
> Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical

information omitted) (emphasis added). Moreover, "[a] claimant's subjective

testimony supported by medical evidence that satisfies the pain standard is itself

sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a

claimant testifies to disabling pain and satisfies the three part pain standard, the

---

[1]  This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*,
761 F.2d 1545, 1548 (11th Cir. 1985).

ALJ must find a disability unless the ALJ properly discredits the claimant's

testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the

ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate
> reasons for refusing to credit a claimant's subjective pain testimony,
> then the [ALJ], as a matter of law, has accepted that testimony as true.
> Implicit in this rule is the requirement that such articulation of
> reasons by the [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012. Therefore, if the ALJ either fails to articulate reasons for

refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not

supported by substantial evidence, the court must accept as true the pain testimony

of the plaintiff and render a finding of disability. *Id.*

## IV. The ALJ's Decision

In performing the five step analysis, the ALJ initially determined that

Walker met the insured status requirements of the Act through December 31,

2010. (R. 27). The ALJ also found that there were no grounds for reopening

Walker's prior application, which was denied on February 23, 2007. (R. 25). The

ALJ found the doctrine of *res judicata* applied to Walker's prior denial of benefits.

*Id.* Therefore, he determined "disability cannot be found prior to February 23,

2007." *Id*. Moving to the first step, the ALJ found that Walker had not engaged in

substantial gainful activity since February 24, 2007, and, therefore, met Step One.

(R. 27). Next, the ALJ found that Walker satisfied Step Two because he suffered

from the severe impairments of "plantar fasciitis status-post tarsal tunnel release

and plantar fascial release, left carpal tunnel syndrome (CTS), ulnar nerve

entrapment at the left elbow, and obesity." *Id.* The ALJ then proceeded to the next

step and found that Walker failed to satisfy Step Three because he "does not have

an impairment or combination of impairments that meets or medically equals one

of the listed impairments." *Id*. Although the ALJ answered Step Three in the

negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ

proceeded to Step Four where he determined that Walker

> has the residual functional capacity ["RFC"] to perform the exertional
> demands of light work as defined in 20 C.F.R. § 404.1567(a) except
> he can stand and/or walk two hours and sit six hours total during an
> eight-hour workday with normal breaks. The claimant can
> occasionally use his lower extremities for pushing and pulling to
> operate controls. The claimant can occasionally climb ramps and
> stairs, balance, stoop, kneel and crouch. He cannot climb ladders,
> ropes or scaffolds. The claimant has no limitation of his upper
> extremities except that his left upper extremity is limited to feeling on
> a frequent basis. The claimant should avoid extreme heat, cold and
> humidity.

(R. 27). In light of Walker's RFC, the ALJ held that he was "unable to perform

any past relevant work." (R. 34). Lastly, in Step Five, the ALJ considered

Walker's age, education, work experience, and RFC and determined "there are

jobs that exist in significant numbers in the national economy that [Walker] can perform." *Id.* Therefore, the ALJ found that Walker "has not been under a disability, as defined in the Social Security Act, from February 24, 2007, through the date of this decision." (R. 36).

## V. Analysis

The court now turns to Walker's contentions that (1) the ALJ's credibility finding is not based on substantial evidence; (2) the ALJ did not properly consider the opinions of Dr. Michael Linville, and Dr. Robert Heilpern; and (3) the Appeal Council abused its discretion in failing to review his case. Doc. 10. The court addresses each contention in turn.

### A.    *The ALJ's credibility finding*

Walker argues the ALJ's credibility finding is not based on substantial evidence. Doc. 10 at 4. The record does not support Walker's contention.  At his ALJ hearing, Walker testified that his pain was mostly a seven-and-a-half to eight on a scale of one to ten, (R. 54), that it took between 30 minutes and one hour each morning to get to the point where he could stand up in order to take a shower, (R. 55), that it took him 30 minutes to get to the bathroom in the morning, and that he sometime had to crawl on his hands an knees, (R. 54), that he used a cane, and considered it a necessity, (R. 59), and that he had fallen in the shower on occasion

because he could not feel his feet, (R. 55).  Based on the evidence, the ALJ found

Walker's "medically determinable impairments could reasonably be expected to

cause [his] alleged symptoms."  (R. 29). Therefore, the ALJ found that Walker met

the requirements of the pain standard.

However, the ALJ found Walker's allegations were not fully credible. (R.

29).  Significantly, the ALJ articulated numerous reasons to support his credibility

finding.  Among other things, the ALJ noted that Walker did not report that he

used a cane when he completed his Function Report on June 7, 2009, that no

doctor had prescribed a cane or other assistive devices since 2006, and that the

treatment records showed no reports of falls to Walker's doctors.  (R. 31).  The

ALJ also found that the treatment notes failed to show reports to Walker's doctors

that were consistent with Walker's testimony that he was unable to walk on some

mornings, and had to crawl to the bathroom. *Id.*  Next, the ALJ commented on the

long gaps in treatment, noting there was no record of treatment from May 2006

until August 2007, another long gap in treatment until May 28, 2008, and no

treatment records after April 2009, until Walker was seen at the VAMC in March

2010.  (R. 32). The ALJ found "these long absences of medical treatment are

inconsistent with [Walker's] complaints of severe, daily symptoms and

limitations." *Id.*  Ultimately, the ALJ concluded that the "description of the

symptoms and limitations that the claimant has provided throughout the record has

generally been inconsistent and unpersuasive," and that the " record reflects

significant gaps in the claimant's history of treatment." (R. 33).

In making his credibility finding, the ALJ also remarked on Walker's

demeanor while testifying:

> Another factor influencing the conclusion reached in this decision is
> the claimant's generally unpersuasive appearance and demeanor
> while [he] testified at the hearing. It is emphasized that this
> observation is only one among many being relied on in reaching a
> conclusion regarding credibility of the claimant's allegations and the
> claimant's residual functional capacity. For example, the claimant
> portrayed no evidence of pain or discomfort while testifying at the
> hearing. While the hearing was short lived and cannot be considered a
> conclusive indicator of the claimant's overall level of pain on a day-
> to-day basis, the apparent lack of discomfort during the hearing is
> given some slight weight in reaching the conclusion regarding the
> credibility of the claimant's allegations and the claimant's residual
> functional capacity. Further, he used no ambulatory device despite
> testifying to the contrary.

(R. 33-34). The ALJ's decision is consistent with case law since an "ALJ may

consider the claimant's demeanor among other criteria in making credibility

determinations." *Norris v. Heckler*, 760 F.2d 1154, 1158 (11th Cir. 1985). As the

*Norris* court explained,

> [o]n appellate review, we defer often to the district court's findings
> based upon his observation and assessment of a witness's demeanor
> during trial. Likewise, an ALJ is afforded an opportunity to consider a
> claimant's demeanor during his hearing. The ALJ, however, must not
> reject the objective medical evidence and claimant's testimony solely

upon his observation during the hearing; rather, the ALJ may consider a claimant's demeanor among other criteria in making credibility determinations.

*Id.* (emphasis added). The *Norris* court distinguished *Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir 1982), which had prohibited "sit and squirm" jurisprudence, stating that "[i]n *Freeman*, we did not intend to prohibit an ALJ from considering the claimant's appearance and demeanor during the hearing. Rather, an ALJ must not impose his observations in lieu of a consideration of the medical evidence presented." *Norris* 760 F.2d at 1158.

In the present case, the ALJ did not substitute his observations of Walker for the medical evidence of record. Rather, the ALJ gave only "some slight weight" to his observations of Walker in assessing his credibility and relied instead upon the medical evidence of record. Specifically, the ALJ set forth specific reasons, which are supported by substantial evidence, for his credibility finding. Consequently, no basis exists to overturn the ALJ's finding. *See Foote*, 67 F.3d at 1562 ("A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court.").

B.    *The opinions of treating and reviewing doctors*

Walker argues next that the ALJ did not properly consider the opinion of Dr. Linville, one of Walker's treating podiatrists. Doc. 10 at 9. Under the

Commissioner's regulations, a treating physician's opinion will be given

controlling weight if it is well supported and not inconsistent with other

substantial evidence in the record:

> If we find that a treating source's opinion on the issue(s) of the nature
> and severity of your impairment(s) is well-supported by medically
> acceptable clinical and laboratory diagnostic techniques and is not
> inconsistent with the other substantial evidence in your case record,
> we will give it controlling weight.

20 C.F.R. § 404.1527(c)(2).

The opinion of Dr. Linville that Walker relies on is contained in his August

7, 2007, treatment note. Dr. Linville noted that Walker "returns today after not

being seen for quite a while because he is disabled mostly from the surgery he had

by another podiatrist." (R. 378). However, an opinion that a claimant "is disabled"

is not a medical opinion because the finding of disability is an issue reserved to

the Commissioner. As the regulations explain,

> Opinions on some issues, such as the examples that follow, are not
> medical opinions . . . but are, instead, opinions on issues reserved to
> the Commissioner because they are administrative findings that are
> dispositive of a case; i.e., that would direct the determination or
> decision of disability.
>
> > (1) *Opinions that you are disabled*. We are responsible for
> > making the determination or decision about whether you meet
> > the statutory definition of disability. In so doing, we review all
> > of the medical findings and other evidence that support a
> > medical source's statement that you are disabled. A statement
> > by a medical source that you are "disabled" or "unable to

work" does not mean that we will determine that you are
disabled.

20 C.F.R. § 404.1527(d). Because Dr. Linville's opinion was not a medical

opinion, the ALJ did not err in failing to give it controlling weight.

Walker also argues the ALJ erred in his consideration of the opinions of Dr.

Heilpern, the State agency reviewing physician. Doc. 10 at 8. An ALJ must

consider the findings of a State agency medical or psychological consultant, who

is considered an expert, and must explain the weight given to such findings. *See*

20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2). The portion of Dr. Heilpern's report

relevant here is his finding that Walker's

> statements regarding his symptoms and limitations are credible.
> [Medical evidence of record] from Dr. Michael Linville documents
> his opinion that [Walker's] foot procedure, did not help with his pain
> relief and may have made the condition a little worse. [Walker's]
> ADLs document completion of daily activities but with constant pain.

(R. 275). Dr. Heilpern made this statement as part of his RFC opinion, which

found Walker capable of a limited range of light work. (R. 270-77). In his

decision, the ALJ stated that he generally concurred with Dr. Heilpern's RFC

finding, and his RFC finding closely matches Dr. Heilpern's. (R. 27, 34).

However, the ALJ did not adopt Dr. Heilpern's opinions as to Walker's credibility.

The ALJ committed no error since he is "not bound by any findings made by State

agency medical . . . consultants." 20 C.F.R. §§ 404.1527(e)(2)(i),

416.927(e)(2)(i). Because the ALJ independently made detailed credibility findings supported by substantial evidence, he was not required to adopt Dr. Heilpern's credibility finding.

C.      *The Appeals Council's decision to deny review*

Walker submitted new evidence to the Appeals Council in connection with his request for review. That evidence consists of a treatment note from Dr. Linville dated February 11, 2011, and a Medical Source Statement of Ability to do Work-Related Activities (Physical) form completed March 9, 2011. (R. 386-94). Walker argues that the Appeals Council erred in not granting benefits or ordering additional administrative proceedings based on Dr. Linville's medical source statement. Doc. 10 at 10. On that form, Dr. Linville indicated Walker was "totally disabled from any gainful employment that involves manual labor," (R. 388), could never lift objects weighing up to 10 pounds,  (R. 389), is able to sit for a total of one hour, stand for no more than 15 minutes, and walk for no more than 15 minutes in an eight-hour day, (R. 390), required a cane to ambulate, and could only ambulate for a few steps without a cane, (R. 390), would never be able to operate foot controls, (R. 391), and that these limitations dated back to June 13, 2005. (R. 394). Walker argues Dr. Linville's medical source statement contradicts

the ALJ's RFC finding, and asserts that the Appeals Council erred when it denied

him relief. Doc. 10 at 10.

     If a claimant submits new and material evidence to the Appeals Council, it

must "review the case if it finds that the administrative law judge's action,

findings, or conclusion is contrary to the weight of the evidence currently of

record." 20 C.F.R. § 404.970(b). In the present case, the Appeals Council

considered the evidence, but found it did not provide a basis for changing the

ALJ's decision. (R. 1-2). Because Walker properly presented the evidence to the

Appeals Council, which considered it, it is part of the administrative record.

*Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). In

reviewing the decision of the Appeals Council to deny review, "a reviewing court

must consider whether that new evidence renders the denial of benefits

erroneous." *Id.* at 1262. Therefore, this court must consider whether the Appeals

Council correctly concluded that the ALJ's decision was not contrary to the weight

of the evidence then in the record. *See id.* at 1266-67 (remanding to the district

court to determine whether the Appeals Council correctly found the ALJ's

decision was not contrary to the weight of the evidence). This court must consider

the record as a whole, including the evidence submitted to the Appeals Council, to

determine whether the final decision of the Commissioner is supported by

substantial evidence. *Id.* at 1266.

Having reviewed the evidence submitted to the Appeals Council, the court

finds that Dr. Linville's medical source statement does not render the ALJ's denial

of benefits erroneous. Portions of Dr. Linville's medical source statement contain

opinions about whether Walker is disabled from gainful employment, which are

not medical opinions.  (R. 386-94). Such opinions may not be given controlling

weight, and do not render the ALJ's decision erroneous. Moreover, Dr. Linville's

medical source statement also contains opinions about Walker's ability to do

work-related activities, which qualify as opinions. *See Winschel v. Comm'r of Soc.*

*Sec*, 631 F.3d 1176, 1179 (11th  Cir. 2011) (finding treatment notes containing a

judgment about the severity of a claimant's impairment are medical opinions)

(citing 20 C.F.R. §§ 1527(a)(2), 416.927(a)(2)); 20 C.F.R. §§ 404.1527(a)(2),

416.927(a) (a physician's judgments about a claimant's physical restrictions are

medical opinions).

In determining how much weight to give to each medical opinion, the

Commissioner must consider several factors including: (1) whether the doctor has

examined the claimant; (2) whether the doctor has a treating relationship with the

claimant; (3) the extent to which the doctor presents medical evidence and

explanation supporting his opinion; (4) whether the doctor's opinion is consistent

with the record as a whole; and (5)  whether the doctor is a specialist. 20 C.F.R. §§

404.1527(c), 416.927(c). Here, Dr. Linville's opinions are not supported by testing

and are inconsistent with the record as a whole. For example, although Dr. Linville

opined Walker would never be able to lift items weighing up to ten pounds, (R.

389), Walker testified he was able to lift a gallon of milk and a ten pound bag of

sugar, (R. 62), and that he could lift a twenty pound bag of oranges, albeit without

being able to move it very far. *Id.* Likewise, Dr. Linville's contention that Walker

could never use foot controls, (R. 391), and was unable to travel without a

companion for assistance, (R. 394), was belied by Walker's  testimony that he

drove to the store twice a week, which requires the use of foot controls. (R. 52).

Finally, Dr. Linville's treatment notes, which do not reflect Walker ever indicated

a difficulty with sitting, undermine his opinion that Walker is only able to sit for a

total of only one hour in an eight-hour day. (R. 224-53, 312-15, 377-78, 386, 390).

Critically, Dr. Linville's medical source opinion is also weakened because he

treated Walker only sporadically. After May 2006, Dr. Linville saw Walker only

twice prior to the date of the ALJ's decision, with the last two visits occurring on

May 28, 2008. In other words, Dr. Linville had not seen Walker in over two and

one-half years when he saw Walker on February 21, 2011 and yet despite the gaps

in treatment – which is one reason the ALJ gave for refusing to credit Walker's allegations of disabling symptoms, (R. 32), – Dr. Linville still submitted a medical source opinion, alleging that Walker is disabled and that his limitations were first present on June 13, 2005.  The evidence simply does not support such an opinion.

Based on a review of the record, the court concludes the evidence submitted to the Appeals Council does not render the ALJ's decision erroneous or unreasonable. Therefore, the ALJ's decision is supported by substantial evidence.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Walker is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

Done the 1st day of November, 2013.


_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE